IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RONALD SATISH EMRIT, PRO SE,<br><br>Plaintiff,<br><br>vs.<br><br>THE GRAMMY AWARDS ON CBS,<br><br>Defendant. | CIV. NO. 24-00012 RT-NONE<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND DISMISS THE COMPLAINT |

## FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND DISMISS THE COMPLAINT

On January 8, 2024, Plaintiff Ronald Satish Emrit, pro se, ("Plaintiff") filed an *Application to Proceed in District Court without Prepaying Fees or Costs* ("IFP Application") seeking to proceed *in forma pauperis* in this case. ECF No. 2. The Court elects to decide this matter without a hearing pursuant to Rule 7.1(d) of the *Local Rules of Practice for the United States District Court for the District of Hawaii* ("Local Rules"). After careful consideration of the *IFP Application*, screening of the *Complaint* (ECF No. 1) and applicable law, the Court **FINDS** that Plaintiff has sufficiently demonstrated entitlement to proceed *in forma pauperis* and **RECOMMENDS** that the district court **GRANT** the *IFP Application* but **DISMISS** the *Complaint* without prejudice.

## DISCUSSION

### I. Plaintiff's IFP Application

A litigant may be authorized by the Court to commence or prosecute a lawsuit without the prepayment of fees if the litigant submits an affidavit stating that the litigant is unable to pay the required fees.  28 U.S.C. § 1915(a)(1); *see Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)) (the affidavit "is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life").  The litigant "need not be absolutely destitute[,] . . . [but] must allege poverty 'with some particularity, definiteness and certainty.'" *Escobedo*, 787 F.3d at 1234 (citations omitted).

The *IFP Application* states that Plaintiff receives monthly disability payments in the amount of $1,011.00, is unemployed, owns $297.93 in cash, and has total monthly expenses in the amount of $890.00.  ECF No. 2.  The *IFP Application* also indicates that Plaintiff has no spouse or dependents.  *Id*.  In determining whether *in forma pauperis* status is appropriate in this case, the Court considers whether the applicant's annual income surpasses the poverty threshold as determined by the Department of Health and Human Services ("HHS") 2024 Poverty Guidelines.  *See* Office of the Assistant Secretary for Planning and Evaluation, Poverty Guidelines, https://aspe.hhs.gov/topics/

2

poverty-economic-mobility/poverty-guidelines (last visited Feb. 14, 2024). This threshold is based on the number of persons in the applicant's family or household.

Based on the information Plaintiff provided, Plaintiff's annual income is approximately $12,132.00 ($1,011.00 x 12), which is well below the poverty guidelines for a single-family household in Hawaii. *See id*. (the poverty threshold for a single family household in Hawaii is $17,310.00). Moreover, Plaintiff is barely able to pay for monthly expenses in the amount of $890.00 with a monthly income of only $1,011.00. Accordingly, the Court finds that Plaintiff has demonstrated an inability to pay the required fees and still afford the necessities of life and thus, recommends that the *IFP Application* be granted.

## II.     Plaintiff's Complaint

In finding *in forma pauperis* status is appropriate, the Court must conduct a mandatory screening of the *Complaint* and must dismiss this case if it is determined that "the allegation of poverty is untrue[,]" or "the action or appeal . . . is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] [or] seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding

that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"). While screening the *Complaint*, the Court must accept as true the allegations in the *Complaint*. *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976) (citation omitted). However, because Plaintiff is appearing pro se, the Court liberally construes the *Complaint*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Plaintiff indicates that this case is before this Court under diversity of citizenship "[p]ursuant to 28 U.S.C.A. Section 1332," and that "the U.S. District Court for the District of Washington State (an Article III court) has jurisdiction over this matter because there is complete diversity of jurisdiction between the Plaintiff and the five defendants[.]" ECF No. 1 at PageID.3. Indeed, as alleged, it appears that diversity jurisdiction exists as Plaintiff and Defendant are citizens of different states. Based on the information in the *Complaint*, it appears that the Plaintiff is likely a citizen of Florida or Maryland, and the defendant appears to be a citizen of California. *See id*. at 2 ("plaintiff is [a] . . . resident of the state of Florida and Maryland[;]" and "defendant . . . has a principal place of business . . . in Santa Monica . . .").

However, under 28 U.S.C. § 1391, a civil action may be filed in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

4

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

In this case, there is no evidence that the defendant is a resident of Hawaii. The *Complaint* does not state that any substantial part of the events or omissions underlying this lawsuit occurred in Hawaii. The *Complaint* also does not indicate that the Defendant would be subject to this Court's personal jurisdiction. Accordingly, the Court finds that venue is improper in this case. Under 28 U.S.C. § 1406(a), if a case is filed in the wrong venue, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The Court has examined Plaintiff's claim to determine whether the interests of justice require a transfer instead of a dismissal. *See, e.g., King v. Russell*, 963 F.2d 1301, 1305 (9th Cir. 1992). This Court cannot find any reason why the interests of justice would require a transfer of this case. Accordingly, this Court **RECOMMENDS** that the district court **DISMISS** this case **WITHOUT PREJUDICE** for want of venue. Plaintiff may pursue this litigation in the proper court.

## CONCLUSION

The Court **FINDS AND RECOMMENDS** that the district court:

1) **GRANT** the *IFP Application*; and

2) **DISMISS** the Complaint **WITHOUT PREJUDICE**.

Due to the lack of full consent of the parties under 28 U.S.C. § 636(c), the Clerk's Office is directed to **ASSIGN** this case to a district judge. Magistrate Judge Trader to remain as the assigned Magistrate Judge.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, February 14, 2024.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 24-00012 RT-NONE;  *Ronald Satish Emrit, Pro Se vs. The Grammy Awards on CBS*;  Findings and Recommendation to Grant Plaintiff's Application to Proceed Without Prepaying Fees and Dismiss the Complaint